UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LORENZO TORRES-GARCES AND
HUBER DURAN RODRIGUEZ, et al,

                              Petitioners,

v.

UNITED STATES MAGISTRATE
JUDGE ROBERT BLOCK,

                              Respondent.

Case No.:  18cv1712 AJB MDD

**ORDER GRANTING PETITION
FOR WRIT OF MANDAMUS
(28 U.S.C. 1651)**

Petitioner's, Lorenzo Torres-Garces and Huber Duran Rodriguez[1], seek a Writ of Mandamus against Judge Block with regard to the process for taking pleas on the 8 U.S.C. §1325 docket based upon their appearance before him on July 25, 2018.  An emergency hearing was held on July 30, 2018. Federal Defenders appeared for Petitioners

---

[1] Petitioners Justino Ramirez-Castillo and Erik Noel Portillo-Valdez, through counsel, reported that they have plead guilty since the filing of the petition and their claims have been rendered moot. The Court denies the petition as to the Petitioners on that basis. Federal Defenders of San Diego joined as a Petitioner, but their standing was not litigated or decided by the Court, and with their agreement is moot in light of this order.

and AUSA Benjamin Holly appeared for Respondent.  The hearing was held on short notice due to Petitioners interests in accepting plea offers for time served sentences.

It is alleged that Judge Block preconditioned moving forward with the pleas in Petitioners cases, on an assurance by counsel that counsel will answer affirmatively that the plea is freely given, knowing and voluntary. The assurance was not given by defense counsel for Petitioners, and the plea hearing did not go forward. Defense counsel proffered to the court that defendant could be addressed on this issue.

Petitioners seek a Writ directing Judge Block to take the plea pursuant to Rule 11, addressing Petitioners as required, and then consider voluntaries under all the circumstances.

The transcript reveals the following exchange for the process on July 25, 2018:

The other question I'll being asking is whether you have any basis for believing that your client's guilty plea today is not freely given, without any course of influence of any kind and not knowing and voluntary.  I know some lawyers have been saying to my colleagues that that's not their responsibility.  It is up to the judge to make the finding.  They refuse to answer.

Well, you are for warned that if you decline to answer that question or cannot give me an unequivocal "no" answer to that, I will not accept the plea. That is my position and my heads up.

So based on my refusal to entertain motions to dismiss or this heads up any of you have changed your minds about whether your client is ready to plead guilty today or think are going to have a problem, why don't you tell my now, you know, we are going to end up setting bail cause I'm not taking your plea.

Since its amendment in 1966, Rule 11 has required the court to determine that a guilty plea is made voluntarily. *See,* 1966 Advisory Committee Notes to Rule 11. The 1966 Amendments also required the court address the defendant personally in the course of determining the voluntariness of the plea. *Id*. These requirements now appear in Rule 11(b)(2) of the Federal Rules of Criminal Procedure.

The court cannot require counsel's agreement to the voluntariness of the plea as a condition precedent for proceeding with the plea colloquy under Rule 11. The finding of voluntariness needs to be done in open court and must be addressed to the defendant personally (Rule 11(b)(2)). While counsel's beliefs and opinions on the voluntariness of the plea are factors to consider, and a court may inquire in to counsel's views, they do not stand alone as dispositive. Where counsel decline to respond or state "No", then the court will no doubt inquire further of the defendant until the court reaches a conclusion in this regard.

Here, Petitioners lost the opportunity to plead guilty at their first appearance in court, with a time served offer from the government. The loss of that opportunity finds Petitioners in custody as of the date of the hearing on the Writ some five days later. While this court cannot attest to the potential voluntariness of the plea, the Rule 11 process must be followed, and the court taking the plea must make the decision after compliance with the Rule has occurred. Mandamus is the proper course where refusal to accept a guilty plea has occurred. *United States v. Garcia-Aguilar*, 286 Fed. App'x 517 (9th Cir. 2008 (unpublished), citing *In re Vasquez-Ramirez*, 443 F. 3d 692, 700-01 (9th Cir. 2006).

Based on the foregoing, and having weighed the factors for the issuance of a writ of mandamus under *Bauman v. U.S. District Court*, 557 F.2d 650, 654-55 (9th Cir. 1977), the Petition is GRANTED and Judge Block is ordered to take Petitioner's Pleas forthwith, and without a precondition of counsel's assurance of voluntariness, or refer the matters to other magistrate judges to proceed under Rule 11, in the interest of expediency.

IT IS SO ORDERED.

Dated: July 30, 2018

Hon. Anthony J. Battaglia
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18cv1712 AJB MDD